THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
ENTERED
TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

IN RE: §
§
WILDFLOWER RESORT COMPANY, §    CASE NO. 06-34831-SGJ-11
§
Debtor. §

### ORDER RESOLVING ISSUES RAISED IN JULY 23, 2007 SHOW CAUSE ORDER--VIRGIL F. LIPTAK

CAME ON BEFORE THIS COURT for hearing on August 28, 2007 at 9:30 a.m. the "Show Cause Order–Virgil F. Liptak," pursuant to which Virgil F. Liptak was ordered to appear and (a) show whether he has obtained the permission of United States District Judge Barbara M.G. Lynn or another District Judge in this District to file certain pleadings he has filed requesting relief in the above-referenced bankruptcy case (the "Requests for Relief"); (b) if not, show cause why the various Requests for Relief should not be stricken as having been filed by Mr. Liptak in violation of a March 27, 2002 Order of District Judge Barbara M.G. Lynn; and (c) in any event, show cause whether Mr. Liptak has standing as a creditor in this case or whether Ms. June Mattingly, who has been a co-proponent on the Requests for Relief, is the true party in interest with standing to participate in this case before the court.

Mr. Liptak asserts that he is a secured creditor in this case, by virtue of a purported assignment by Ms. Mattingly to Mr. Liptak of an undivided one-half interest in a default judgment obtained by Ms. Mattingly on October 14, 2005. Specifically, Ms.

ORDER                                                                    PAGE 1 of 5

Mattingly obtained a $7,050 judgment, plus court costs, at 5% postjudgment interest and $3,500 in attorneys fees at 5% postjudgment interest in *June W. Mattingly v. Wildflower Resort Company*, Case No. CC-05-07189-E, County Court at Law No. 5, Dallas County, Texas. The court takes judicial notice that Mr. Liptak filed Proof of Claim No. 16, in the amount of $3,925.00 on the basis of this purported assignment.[1] Attached to Mr. Liptak's proof of claim is a document entitled "Assignment" which purports to document the assignment by Ms. Mattingly of "an undivided ½ (50%) in all of her existing and maturing right, title and interest" in her default judgment claim (which arises out of same back rental payments due to her). In his proof of claim and in the Requests for Relief, Mr. Liptak is described variously as Ms. Mattingly's co-creditor, her partner, her proxy, her co-movant, and her assignee. Ms. Mattingly is senior in age and is unrepresented by counsel in this bankruptcy case.

The Requests for Relief filed in the Wildflower Resort Company bankruptcy case (all *pro se*) have included, among other things, requests for conversion of the Wildflower Resort Company case to chapter 7 [doc. nos. 180-181; 184]; for appointment of a creditors committee [doc. no. 197]; for adequate protection [doc. no. 197]; for rehearing and stay of enforcement of an order allowing the Chapter 11 Trustee to employ a broker to attempt to sell assets of Wildflower Resort Company [doc. no. 197]; and an objection to the setting of a prompt hearing by the court on at least one of the Requests of Relief [doc. no. 189]. The Requests for Relief frequently are accompanied by requests for jury trial. The Requests for Relief are vitriolic in tone, citing inapplicable authority, and suggesting an unfortunate misunderstanding and frustration regarding the events that

---

[1] Ms. Mattingly filed Proof of Claim No. 18 also in the amount of $3,925.00 based upon the same default judgment. The court notes that neither proof of claim has been objected to by any party.

have occurred in the Wildflower case–for example, that the court has deprived Ms. Mattingly of a $200,000 claim (the court has never questioned or considered the merits of Ms. Mattingly's claim), and also suggesting that the court has treated Mr. Liptak as "a war-criminal devoid of rights" and also comparing himself to Valerie Plame [doc. no. 227].[2] Mr. Liptak purports to have copied some of his Requests for Relief on the United States Senate Judiciary Committee, arguing that his civil rights are being violated and that political conspiracies are in play [doc. nos. 212 & 227].

On March 27, 2002, Judge Barbara M.G. Lynn, United States District Judge for the Northern District of Texas, entered an Amended Order Accepting Findings, Conclusions and Recommendations of the United States Magistrate Judge (the "District Court Order") in *Virgil Liptak v. Former State Judge Paul Banner, et al.*, Case No. 3:01-CV-953-M. In the District Court Order, Judge Lynn, among ordering other relief, ordered that ***"Plaintiff [Virgil Liptak] may file future suits in federal court in this District only after receiving permission of a District Court in this District."***[3] Such Order is attached hereto. This court's research has indicated that the District Court Order is still in effect, having not been vacated, reversed upon appeal, or otherwise superseded or withdrawn.

This bankruptcy court issued the July 23, 2007 Show Cause Order out of concern that Mr. Liptak might be in violation of the March 27, 2002 Order, by filing the various Requests for Relief, and also out of concern, generally, that Mr. Liptak's creditor and

---

[2] Presumably, the CIA agent involved in the "Scooter" Libby trial.

[3] Emphasis added.

party in interest status in this case might not be legitimate. The court also has concern that Mr. Liptak may have attempted to take unfair advantage of Ms. Mattingly.

Though duly noticed of the August 28, 2007 Show Cause Hearing, Mr. Liptak failed to appear. Ms. Mattingly appeared and announced that she understood that Mr. Liptak was attending a creditors meeting at the Fort Worth courthouse in another bankruptcy case. The court considered this, as well as "Co-Creditor June Mattingly's Supplemental Objections/Requests Instanter, and Brief in Opposition to Show Cause Order re: Standing" [doc. no. 227] filed under both Mr. Liptak's and Ms. Mattingly's names) minutes before the hearing, and other representations of counsel relevant to the Show Cause Hearing. Based on this court's review and interpretation of Judge Barbara M.G. Lynn's March 27, 2002 Order, and further based on Virgil Liptak's failure to appear here today and explain his authority or standing to file pleadings in the Wildflower bankruptcy case, although ordered to do so by this court in the July 23, 2007 Show Cause Order, it is hereby

(1) **ORDERED** that Virgil F. Liptak shall not file further pleadings in the Wildflower Resort Company bankruptcy case without an order from this court or another court of competent jurisdiction allowing him to do so.

(2) **IT IS FURTHER ORDERED** that all pleadings filed in the Wildflower Resort Company bankruptcy case, bearing the name of Virgil F. Liptak as a movant/respondant or co-movant/co-respondant, including doc. nos. 180, 181, 184, 189, 197, 198, 199, 200, 201, are hereby stricken and of no further force and effect.

(3) **IT IS FURTHER ORDERED** that Virgil F. Liptak is barred from appearing in this court, without further order of this court or of a court of competent jurisdiction.

The court will make a report to Judge Barbara M.G. Lynn regarding these events involving Virgil F. Liptak in this court, so she can consider whether any further action is warranted, given the terms of her March 27, 2002 Order.

The court will also make a report of these events to the Judicial Information Manager of the Office of Court Administration of the State of Texas Judicial System that maintains the "Vexatious Litigants" list, pursuant to Section 11.101 of the Texas Civil Practice and Remedies Code.

Signed this 26th day of August, 2007.

_____
Stacey G. C. Jernigan
United States Bankruptcy Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VIRGIL LIPTAK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:01-CV-0953-M |
| | § | |
| FORMER STATE JUDGE PAUL | § | |
| BANNER, et al., | § | |
| | § | |
| Defendants. | § | |

## AMENDED ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The Court has under consideration the Findings, Conclusions and Recommendations of United States Magistrate Judge Paul D. Stickney dated January 18, 2002 on *Defendants Elizabeth Thornhill, Kerry Thornhill and Daniel Sheehan & Associates, L.L.P.'s Motion to Dismiss, or, in the Alternative, Motion for a More Definite Statement and Motion for Order Determining Plaintiff Virgil Liptak to be a Vexatious Litigant and for Order Requiring Plaintiff to Furnish Security*. Plaintiff filed objections, and the District Court has made a de novo review of those portions of the proposed Findings, Conclusions and Recommendation to which objection was made. The objections are overruled, and the Court accepts the Findings, Conclusions and Recommendation of the United States Magistrate Judge. The Court also concludes that Plaintiff's suit is, in effect, an attempt to litigate and relitigate matters over which this Court does not have jurisdiction, either because they have already been adjudicated in state or federal court or should have first been presented to state court. *See Owen Equipment & Erection Co. Kroger*, 437 U.S. 365 (1978); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Musslewhite v. State Bar of Texas*, 39 F.3d 942



1

(5th Cir. 1994), *cert. denied*, 515 U.S. 1103 (1995). *See also Liptak v. Strasburger & Price*, No. 3:98-CV-0897-G (Fish, J.), Opinions of April 10, 1998 and April 24, 1998.

*Defendants Elizabeth Thornhill, Kerry Thornhill and Daniel Sheehan & Associates, L.L.P.'s Motion to Dismiss, or, in the Alternative, Motion for a More Definite Statement and Motion for Order Determining Plaintiff Virgil Liptak to be a Vexatious Litigant and for Order Requiring Plaintiff to Furnish Security*, filed September 12, 2001, is **GRANTED** in part and **DENIED** in part. Plaintiff's claims against Elizabeth Thornhill, Kerry Thornhill, and Daniel Sheehan & Associates, L.L.P. are hereby **DISMISSED WITH PREJUDICE**, with costs taxed against Plaintiff. Plaintiff may file future suits in federal court in this District only after receiving permission of a District Court in this District.

SO ORDERED this 21 day of MARCH, 2002.

BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE

2